Anthony Kopinos et al. vs. Sommers Transfer Co., Inc. No. 90004.

July 21, 1933.

CAPOTOSTO, J. Action for death by wrongful act. Verdict for the plaintiff in the sum of $2,500. Motion for new trial by the defendant upon the usual grounds.

The accident happened about 11 A. M., January 16, 1932, on Exchange Street at or near the corner of Front Street in the City of Pawtucket. The intestate died January 23, 1932.

The day of the accident was clear with good road conditions. Exchange Street runs east and west and is up grade easterly towards Broadway. Front Street is a short dead-end street on the southerly side of Exchange Street.

The plaintiff's intestate, a boy close to sixteen years of age, riding a bicycle, was proceeding easterly on Exchange Street with his wheel close to the southerly curb of that street. The defendant's truck was moving in the same direction. Its purpose at the time was to deliver certain merchandise at the end of Front Street. The plaintiff's case rests mainly upon the declarations of the unfortunate boy made shortly after 9 P. M. that evening while at the Memorial Hospital in Pawtucket. Inspectors of the Pawtucket police had previously asked the hospital authorities to notify them when the boy could be interviewed. In response to such a call, Inspectors Blue and Hourigan went to the hospital and asked the boy how it happened. He said that while riding his bicycle up Exchange Street towards Broadway, a big truck passed him as he neared Front Street; that he thought the truck was going straight

up the hill, but that instead of doing so, without warning, it suddenly turned into Front Street; that the front of the truck hooked his handle-bar and threw him under the wheels which passed over his body. The boy was seriously injured. Some time before he made the statement he had received an opiate to alleviate his suffering. The testimony of the two inspectors is that in the short interview they had with him, the boy's mind was clear and that, although he was weak from his injuries, he answered the few questions asked him intelligently without any prompting or suggestions from them.

The driver of the 5 ton Sterling truck claimed that he came up Exchange Street to Front Street; that he saw no boy on a bicycle ahead or him; that as he rounded the corner, he felt a slight jar at the rear, thought his wheel had jumped or grazed the corner (south-west corner), paid no more attention to it, and proceeded to his destination a short distance away; that while backing in a position to unload, he glanced in the direction of the corner and saw a boy stretched in the street near the curb; that he ran there, realized that the boy was severely hurt, hailed a passing auto and took him to the Memorial Hospital; that he then went to the police station and gave his version there substantially as he stated it in court.

Dr. Lord, an interne at the hospital at the time of the accident, testified on behalf of the defendant and stated that the boy was so seriously injured that in his opinion he would answer any leading question as desired, and that one could not place much reliance upon what he said. This testimony is open to a number of observations. In the first place, some one at the hospital notified the police inspectors that the boy, though dangerously injured, could be interviewed at the time of the call. The inspectors stated that his mind was clear and his answers coherent. Again, if the inspectors are to be believed, and there is nothing to impeach their testimony, the questions they asked were simple and not suggestive of any answer. The mere fact that they are police officers does not necessarily imply that they have bartered away their consciences. Finally, the statement claimed to have been made by the boy is neither improbable nor unreasonable.

Under these circumstances, the testimony raised a clear cut issue for the jury. It found in favor of the plaintiff. The Court has carefully considered the evidence and feels that the jury was justified in returning the verdict which it did. The position of the bicycle and of the boy's body after the accident, so close to the southerly sidewalk of Exchange Street at the entrance to Front Street, is just if not more consistent with the view that, through the innocent yet negligent act of the driver of the truck, the boy was shut in a pocket from which escape was quite difficult, as it is with the theory suggested by the defendant that in some way the deceased rode up alongside of the truck out of sight of the driver, as the truck was making the turn into Front Street. Suppositions and hypotheses are not effective in the face of evidence which, if believed, denies them.

The deceased was a boy of humble origin, but the son of hard-working, thrifty parents. He was of average intelligence with aspirations to work as soon as the law permitted. His brother and sister gained a livelihood by honest labor. There is no reason to suppose that the deceased would not have done the same. The damages are not excessive. The jury's verdict, both on the question of liability and of damages, does justice between the parties.

Motion for new trial denied.

For plaintiff: Flynn & Mahoney.

For defendant: William A. Gunning.